UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSHUA JAMES FROST,<br><br>    Petitioner,<br><br>v.<br><br>RON VAN BOENING,<br><br>    Respondent. | No. C09-725Z<br><br>ORDER |

THIS MATTER comes before the Court on the Report and Recommendation ("R&R") of Brian A. Tsuchida, United States Magistrate Judge, docket no. 30. Having reviewed petitioner's objections to the R&R and supporting materials, docket nos. 35 and 36, the response thereto, docket no. 37, and petitioner's reply and additional exhibits, docket no. 38, the Court hereby ORDERS:

  (1) The R&R, docket no. 30, is ADOPTED;

  (2) The amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, docket no. 14, is DISMISSED with prejudice;

  (3) Petitioner's motion for discovery, docket no. 25, is DENIED;

  (4) A certificate of appealability is GRANTED pursuant to 28 U.S.C. § 2253 as to claim 3 of the amended petition; and

ORDER - 1

      (5)    A certificate of appealability is DENIED as to claims 1, 2, and 4 of the amended petition.

In his objections to the R&R, petitioner accuses the King County Prosecutor's Office of engaging in "persistent efforts to suppress" the impeachment evidence relating to trial witness Eddie Shaw. The documents petitioner has submitted contradict his allegation. *See* Letters dated April 1, 2008, and May 8, 2008 (docket no. 38-1 at 3 & 8). Moreover, petitioner fails to make any showing that Shaw's testimony was in some way pivotal to the prosecution's case against him. According to the recitation of facts on direct review of petitioner's conviction, Shaw had been staying at petitioner's house and saw petitioner and others trying to open a safe. *State v. Frost*, 2005 WL 1579705 at *2 (Wash. Ct. App.), *aff'd*, 160 Wn.2d 765, 161 P.3d 361 (2007). Shaw inquired of petitioner whether these men were responsible for recent robberies and petitioner replied "he has to do what he has to do." *Id.* Shaw then went to police and tried to exchange information for more lenient treatment on pending charges, but the detective with whom he spoke refused to agree to any deal.

Shaw nevertheless told the detective what he had observed. Based on this information, the detective advised patrol officers to arrest anyone leaving petitioner's house. Upon arrest, co-participant Matthew Williams admitted that he had committed a robbery at a small grocery store and shot the clerk. The detective then obtained a search warrant for petitioner's house, pursuant to which police found two handguns, a cash register, bank bags, three safes, and ski masks linking petitioner to the offenses at issue. *Id.* Petitioner gave three taped statements to police about his involvement in the various robberies, and his defense at trial was that he had participated in the crimes under duress and in fear of harm from Williams. *Id.* at *3. Shaw subsequently negotiated a plea agreement with the King County Prosecutor's Office, receiving a lesser sentence in exchange for his trial testimony. *Id.* at *2.

To the extent that Shaw played a key role in petitioner's convictions, it was not at trial, but rather at the time he identified petitioner to police as a suspect, long before he had

ORDER - 2

made any deal concerning his testimony.  Although Shaw set in motion the events leading to petitioner's arrest, his testimony at trial was only a minor piece of the evidence supporting petitioner's conviction.  Thus, in addition to the reasons articulated in the R&R for dismissing claims 1 and 2 of the amended habeas petition, and for denying an evidentiary hearing and petitioner's motion for discovery, the Court concludes that any lack of completeness in the prosecution's disclosures, or in the trial testimony, concerning Shaw's plea deal is harmless.

Petitioner's other objections to the R&R are without merit and are fully addressed in the R&R.  The Court adopts the R&R's analysis of those issues.  The Court agrees with the R&R that a certificate of appealability is warranted only with regard to claim 3 of the amended habeas petition.

The Clerk is directed to send a copy of this Order to all counsel of record, to petitioner, and to Magistrate Judge Tsuchida.

IT IS SO ORDERED.

Filed and entered this 4th day of February, 2011.

*[signature: Thomas S. Zilly]*
Thomas S. Zilly
United States District Judge

ORDER - 3